**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| LAVI INDUSTRIES, LLC, | : | Case No. 1:25-cv-201 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| SENTRIC, INC., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

---

**ORDER AND OPINION**

---

This matter is before the Court on Defendant Paycor, Inc.'s Motion to Dismiss or Stay Proceedings Pending Resolution of the Underlying First-Filed California State Class Action (Doc. 15). Plaintiff filed a Response in Opposition (Doc. 16), and Defendant filed a Reply in Support (Doc. 17). Defendant Sentric, Inc. filed a Motion to Join in Co-Defendant's Motion (Doc. 18). Thus, this matter is ripe for the Court's review. For the following reasons, the Court **GRANTS** Defendant Sentric, Inc.'s Motion to Join (Doc. 18) and **GRANTS** Defendant Paycor, Inc.'s Motion to Dismiss (Doc. 15).

**ALLEGED FACTS**

**I.      The Parties**

Plaintiff Lavi Industries LLC ("Lavi") is a Texas company that does business in California. (Compl., Doc. 1, ¶ 1.) Defendant Sentric, Inc. is a Pennsylvania corporation that provides employment services to its customers, including human resources, payroll

processing, tax filing, and time and labor management solutions and related services. (*Id.* at ¶¶ 2, 14.) Defendant Paycor, Inc., a Delaware corporation with its principal place of business in Cincinnati, Ohio, also provides employment services to its customers, including human resources, payroll, benefits administration, time entry, and overtime calculations. (*Id.* at ¶¶ 3, 17.)

## II. Service Agreements with Sentric and Paycor

In 2011, Lavi entered into a contract (the "Sentric Service Agreement") with Sentric to hold all of Lavi's employee data and to process employee payroll. (Compl., Doc. 1, ¶ 15.) The Sentric Service Agreement contained an indemnification provision, wherein Sentric agreed to indemnify Lavi in connection with any loss that Lavi could sustain as a result of claims asserted by its employees relating to time entry, overtime, payroll, and other services provided by Sentric. (*Id.* at ¶¶ 19, 22.) On December 9, 2021, Lavi employees brought a class action lawsuit against Lavi for violations of California labor code (the "Employee Action"). (*Id.* at ¶ 16.) The allegations in this class action are: (1) employees worked off the clock without compensation, resulting in Lavi failing to pay employees for all hours worked; (2) Lavi employed policies that failed to accurately record employees' actual time worked; (3) employees were denied rest periods and duty-free meal periods; and (4) employees worked more than eight hours in a day and/or more than forty hours in a week. (*Id.* at ¶ 22; *see also* Employee Action, Doc. 1, Exhibit A, Pg. ID 15-46.) This lawsuit is still pending in California state court. (*Id.* at ¶ 21.)

In June 2023, Lavi learned that Sentric was either merging with or being purchased by Paycor; thus, Sentric would no longer provide services to Lavi by the end of October

2023. (Compl., Doc. 1, ¶ 18.) Accordingly, Paycor provided Lavi with its terms and conditions for its payroll services (the "Paycor Service Agreement"). (*Id.* at ¶ 19.) The Paycor Service Agreement also included an indemnification provision, wherein Paycor agreed to indemnify Lavi in connection with any loss Lavi sustained as a result of claims asserted against it like the ones in the Employee Action. (*Id.*) In September 2023, Sentric began migrating and transferring Lavi's data to Paycor to enable Paycor to provide its services to Lavi. (*Id.* at ¶ 23.) On October 13, 2023, Lavi ran its first payroll using Paycor's services. (*Id.* at ¶ 24.)

### III.    Issues with Defendants' Payroll Services

After Paycor assumed the obligations of the Sentric Service Agreement, and discovery began in the Employee Action, data produced from Defendants' records allegedly showed that Defendants had failed and refused to follow Lavi's instructions "to ensure that (i) all employee time entries were rounded in favor of employees, and (ii) employees were paid for all of their time worked." (Compl., Doc. 1, ¶ 25.) More specifically, Lavi alleges that it had directed both Defendants to implement a "grace period" based on when an employee's shift was scheduled, rounding the clock in favor of the employee, even if the employee was late to clock in or clocked out early. (*Id.* at ¶ 26.) However, records indicate that both Defendants failed to implement these instructions, which would have resulted in Lavi's employees being underpaid. (*Id.* at ¶ 27.) Further, Lavi maintains that, due to lapses in Defendants' data and its failure to deliver full and accurate records for the relevant periods at issue in the Employee Action, Lavi "remains unable to confirm or refute the veracity of the claims in the Employee

Action related to the alleged improper rounding policies." (*Id.*)

Moreover, Lavi alleges that Defendants breached the express terms of both Service Agreements. (Compl., Doc. 1, ¶ 28.) Specifically, the Paycor Service Agreement requires Paycor to provide Lavi with services and documentation "using a commercially reasonable level of care and in a professional manner in accordance with industry standards." (*Id.*) Yet, as Lavi states, Defendants' records seemingly reflect that Defendants "failed and refused to provide Payroll Services" with the appropriate level of care by failing to, among other things, follow Lavi's instructions about the grace period and by failing to accurately record and report time worked by employees. (*Id.* at ¶ 29.) Lavi only discovered Defendants' failures during the pendency of the Employee Action. (*Id.* at ¶ 30.)

## PROCEDURAL POSTURE

Lavi filed this action on March 31, 2025, against Defendants Paycor and Sentric. (Compl., Doc. 1.) In its Complaint, Lavi brings claims for: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) express indemnity; and (4) implied contractual indemnity. (*Id.* at ¶¶ 31-64.) Sentric filed an Answer (Doc. 14) on April 28, 2025, and on May 13, 2025, Paycor filed a Motion to Dismiss or Stay Proceedings (Doc. 15), which has been fully briefed (*see* Docs. 16, 17). Sentric filed a Motion for Joinder in Co-Defendant's Motion to Dismiss or Stay Proceedings (Doc. 18) on June 20, 2025, which is unopposed. Accordingly, the following analysis will refer to Paycor's positions and arguments as those of Defendants jointly.

4

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a case should be dismissed for lack of subject-matter jurisdiction if it is not ripe for adjudication. Fed. R. Civ. P. 12(b)(1); *Jackson v. City of Cleveland*, 925 F.3d 793, 807 (6th Cir. 2019). Indeed, ripeness "limits the jurisdiction of federal courts to consideration of actual cases and controversies, and precludes federal courts from rendering advisory opinions." *Golf Village North, LLC v. City of Powell, Ohio*, 338 F. Supp. 3d 700, 705 (S.D. Ohio 2018) (citing *Arnett v. Myers*, 281 F.3d 552, 562 (6th Cir. 2002)). "If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed." *River City Capital, LP v. Bd. of Cty. Comm'rs*, 491 F.3d 301, 309 (6th Cir. 2007) (cleaned up).

The decision to implement a stay, meanwhile, is one in which "the District Court has broad discretion […] as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). In determining whether to grant a stay, "district courts often consider the following factors: the need for a stay, the balance of potential hardship to the parties and the public, and the promotion of judicial economy." *Ferrell v. Wyeth-Ayerst Labs, Inc.*, No. 1:01-CV-447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005). This decision, though, requires that courts tread carefully, "since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Env't Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977).

## ANALYSIS

As the question of subject-matter jurisdiction is a threshold determination, the Court must first address Defendants' argument that this matter is unripe for review. *See*

5

*Steel Co. v. Citizens for a Better Env't*, 525 U.S. 83, 101 (1998). The doctrine of ripeness encompasses both constitutional and prudential inquiries. *Carman v. Yellen*, 112 F.4th 386, 400 (6th Cir. 2024). "If a case is dependent on contingent future events that may not occur as anticipated, or indeed may not occur at all, it is not constitutionally ripe." *Id.* (quotation omitted). As for the prudential ripeness perspective, the analysis turns upon "(1) whether a claim is fit for judicial review; and (2) the hardship to the parties." *Id.* at 401. In other words, the Court generally asks two questions: "(1) is the dispute fit for a judicial decision in the sense that it arises in a concrete factual context and involves a dispute that is likely to come to pass; and (2) what is the hardship to the claimant if the federal court withholds consideration?" *Golf Village North*, 338 F. Supp. 3d at 705 (quoting *Warshak v. United States*, 532 F.3d 521, 525 (6th Cir. 2008)) (cleaned up). Ripeness must be determined for each particular claim. *See Carman*, 112 F.4th at 401.

Defendants argue for dismissal because "a claim for indemnification for damages that may be awarded on an underlying tort claim should not be adjudicated on the merits until the underlying claim is adjudicated." (Motion, Doc. 15, Pg. ID 92 (citing *Jackson*, 925 F.3d at 807-08 (collecting cases)).) And, courts in this district "will dismiss unripe indemnification claims." (*Id.* at Pg. ID 92-93 (citing *Horton v. City of Columbus*, No. 2:23-CV-3888, 2025 WL 487227, at *3 (S.D. Ohio Feb. 13, 2025)).) Indeed, the court in *Horton* stated that a claim is unripe when it is "anchored in future events that may not occur as anticipated, or at all." 2025 WL 487227, at *3 (quoting *Jackson*, 925 F.3d at 807) (cleaned up). So, the *Horton* court dismissed without prejudice the plaintiff's indemnification claim that was dependent on the occurrence of a future event, that is, the outcome of an

6

underlying claim. *Id.*

Defendants liken this case to these other indemnification cases. (Motion, Doc. 15, Pg. ID 93.) According to Defendants, Lavi's claims in this matter are contingent on "whether Lavi is liable to [the plaintiffs] in the [Employee] Action." (*Id.*) And, liability in that case is "far from being decided." (*Id.*) Furthermore, when liability in the Employee Action is decided, this Court will still need to resolve the issues of Paycor's successor liability and whether Paycor's terms and conditions make it responsible independently to Lavi. (*Id.*) Accordingly, Defendants maintain that resolving the indemnity claims here would require "extensive litigation" which "may prove entirely unnecessary if Lavi prevails in the Employment Action." (*Id.*)

Lavi takes issue with Defendants' cited case law, arguing that the cases involved third-party plaintiffs seeking to enforce indemnification rights of a defendant-indemnitee against an indemnitor. (Response, Doc. 16, Pg. ID 104.) The Court finds this argument unpersuasive, though. The fact that the cases are not factually identical to the case here is immaterial; all cases reiterate the well-established principle that an indemnification claim based on an underlying action is not ripe until the underlying action is adjudicated. *See Horton*, 2025 WL 487227, at *3; *Jackson*, 925 F.3d at 807; *see also Williams v. City of Canton*, No. 5:22-CV-416, 2022 WL 17552459, at *3 (N.D. Ohio Dec. 9, 2022).

Lavi, however, contends that its claims meet both requirements for ripeness: (1) that the claim is fit for judicial resolution since it arises in a concrete factual context and concerns a dispute that is likely to come to pass; and (2) that Lavi will face hardship if a court decision is withheld, while Defendants will face no such hardship if the case is

7

adjudicated now. (Response, Doc. 16, Pg. ID 102-03.) On the first question, Lavi points out that the facts in the Employee Action pertain directly to the provisions in the Service Agreements. (*Id.* at Pg. ID 103.) On the second prong, Lavi states that Defendants have not pointed to any hardships they will endure if they are required to defend this action now. (*Id.*) Meanwhile, Lavi contends that it will face "mounting costs" defending itself in the Employee Action when it "expressly contracted with the Defendants to avoid exactly this type of scenario." (*Id.*)

To be sure, these Service Agreements contained provisions where Defendants agreed to indemnify Lavi in connection with any loss that Lavi could sustain because of claims asserted by its employees connected to the payroll services Defendants provided. (*See* Compl., Doc. 1, ¶¶ 19, 22.) But, whether Lavi has sustained any loss connected to the claims in the Employee Action remains to be seen. It is entirely possible that Lavi will be found liable and will need to pay damages, attorneys' fees, and costs to the prevailing class-action plaintiffs. Yet, it is also possible that Lavi will prevail in the Employee Action and will not be required to pay anything, including its own attorneys' fees. And, a claim "is unripe when it is anchored in future events that may not occur as anticipated, or at all." *Jackson*, 925 F.3d at 807 (quoting *Nat'l Rifle Assoc. of Am. v. Magaw*, 132 F.3d 272, 284 (6th Cir. 1997)).

Lavi, though, argues that Defendants owe a duty to defend that is inherent in their duty to indemnify Lavi, and the duty to defend is ripe, as Lavi's potential liability is accruing. (Response, Doc. 16, Pg. ID 103.) The Court finds two issues with this argument. First, as Defendants note, Lavi brings an indemnification claim, not a duty to defend

8

claim; as Lavi's own Response states, the "duty to defend is separate and distinct from the duty to indemnify." *Huffy Corp. v. Arai Indus. Co.*, No. 98-3653, 1999 WL 552613, at *3 (6th Cir. July 26, 1999); (*see also* Response, Doc. 16, Pg. ID 103). Lavi points to *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 693 (7th Cir. 1995), to show that, where an indemnitor/indemnitee relationship exists based on a contract, a duty to defend is established. (Response, Doc. 16, Pg. ID 105.)

But, the Court disagrees. As Defendants argue, the cases on which Lavi relies involve insurance policies and the holdings "stand for the principle that an insurer's duty to defend arises when the allegations in the underlying complaint are even arguably within the scope of coverage." (Reply, Doc. 17, Pg. ID 110.) Meanwhile, in the non-insurance context, "a duty to defend does not arise by implication." (*Id.* at Pg. ID 111 (citing *Air Prods. & Chems., Inc. v. Procter & Gamble Mfg. Co.*, No. 18-4878, 2019 WL 4751885, a *17 (E.D. Pa. Sept. 30, 2019)).) Lavi does not point to any case law in the non-insurance context that states otherwise. (*See* Response, Doc. 16, Pg. ID 105.) Viewing the allegations in the light most favorable to Lavi, the Court does not find that Lavi has pled a duty-to-defend claim. (*See generally* Compl., Doc. 1.) Aside from one line, "Defendants failed to undertake the defense of the Employment Action and refused to indemnify Lavi," (Compl., Doc. 1, ¶ 62), the Complaint is otherwise void of allegations pleading specifically a duty-to-defend claim. And, as Defendants point out, Lavi's Response "effectively concedes that it did not plead a duty-to-defend claim" by arguing that every indemnity claim includes one inherently. (Reply, Doc. 17, Pg. ID 110.) Thus, without a duty-to-defend claim, there is no ripe issue.

9

Of note, courts have found ripeness in indemnification claims, even when the adjudication of liability is not complete, where the plaintiffs seek declaratory judgment that the defendants had a duty to defend and indemnify them from losses. *See Bil-Jax, Inc. v. SEV Group, Ltd.*, No. 3:05-CV-7107, 2005 WL 2044851, at *2 (N.D. Ohio Aug. 24, 2005); *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 271, 274 (1941). In this context, the duty to defend is at issue and renders the entire action, including the indemnification, ripe. *Bil-Jax*, 2005 WL 2044851, at *2. However, as one court in this district has noted, "outside of [the declaratory judgment context], claims for indemnification are not rendered ripe simply because the contract obligates a party to both indemnify and defend." *Blue Rock Invs., LLC v. City of Xenia*, No. 3:17-CV-409, 2019 WL 1397148, at *4 (S.D. Ohio Mar. 28, 2019). As the court in *Blue Rock* reiterated, "the duty to defend is separate and distinct from the duty to indemnify." *Id.* Accordingly, "the claim for indemnification does not ripen unless and until" the underlying liability is determined. *Id.* Assuming, therefore, that the Court did find a duty to defend within the parties' Service Agreements, the existence of this duty does not automatically render the indemnification claim ripe. Lavi did not plead a duty-to-defend claim or seek declaratory judgment on that duty. Thus, the mere existence of the duty in the contract does not render Lavi's indemnification claim ripe.

The second issue with Lavi's argument about ripeness is that Lavi admits that its "potential" liability is accruing. (*See* Response, Doc. 16, Pg. ID 103.) Notably, this concession underscores the conclusion that whether Lavi will indeed be liable in the Employee Action—and thus trigger Defendants' alleged indemnification duties—is still

10

unknown. Thus, the Court agrees with Defendants' contention that the indemnification claims are not ripe and will not be ripe until the underlying Employee Action in California is adjudicated. *See Horton*, 2025 WL 487227, at *3.

Nevertheless, Lavi does not exclusively bring indemnification claims; two causes of action relate to the breach of contractual duties. (*See* Compl., Doc. 1, ¶¶ 31-47.) Specifically, the claim for breach of contract alleges that Defendants failed to properly follow Lavi's time entry instructions, resulting in underpayment to its employees. (*Id.* at ¶ 37.) As a result, Defendants have failed to compensate Lavi for the losses associated with their breaches, losses which "continue to accrue as a result of the continuing Employee Action." (*Id.* at ¶¶ 38-39.) The Court finds that this claim produces the same issue of ripeness as the indemnification claims. Put simply, Lavi alleges that Defendants' breach entitles Lavi to recover the losses it accrues in the Employee Action. But, as the Court has stated, whether Lavi has sustained losses in connection with the Employee Action is still uncertain. This renders the breach of contract claim dependent on whether Lavi will prevail in the Employee Action, thereby potentially implicating Defendants' indemnification duties. Lavi does not make any argument to the contrary. *See Yellen*, 539 F. Supp. 3d at 810 (explaining that the plaintiff bears the burden of showing ripeness).

The same is true for Lavi's breach of the implied covenant of good faith and fair dealing claim, which addresses Defendants' alleged bad-faith withholding of payment of the fees and expenses Lavi has incurred in the Employee Action. While not indemnification claims, these claims nevertheless implicate the *potential* existence of monetary liability. Once again, *Blue Rock* proves helpful. There, in addition to its

11

indemnification claims, the city brought a claim for breach of contract against their insurer, alleging that, if the plaintiffs recover against the city, then the insurer breached its contractual obligations and caused damage to the city by not paying the costs and fees of the underlying action. *Blue Rock*, 2019 WL 1397148, at *5. The court found this claim "clearly prospective in nature," as the insurer was not liable for breach of contract "unless and until" the plaintiffs recovered against the city. *Id*. The circumstances are the same here. Lavi seeks to recover for breach of contract and breach of implied duties for the attorneys' fees and costs it has incurred in the Employee Action that it alleges Defendants owe; yet, whether Lavi will be required to pay those fees in the Employee Action has yet to be determined.

*     *     *

The Court, therefore, finds that Lavi's claims for indemnification and breach of contractual duties are not ripe. Accordingly, the Court lacks subject-matter jurisdiction over these claims, and they must be dismissed. Having dismissed all claims, the Court need not address the parties' arguments regarding Defendants' Motion to Stay. The analysis ends here.

## CONCLUSION

The Court **ORDERS** the following:

1. Defendant Sentric's Motion to Join (Doc. 18) is **GRANTED**;

2. Defendant Paycor's Motion to Dismiss (Doc. 15) is **GRANTED**;

3. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**; and

4. This case is hereby **TERMINATED** from the Court's docket.

12

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND